FILED
U.S. DIST COURT
MIDDLE DIST. OF LA

2005 JAN 24 P 2:26

SIGN
BY DEPUTY CLERK

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. §1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

Michael A. Harris

101823
Inmate (DOC) number

(Enter above the full name of each plaintiff in this action.)

05-58-B-M1

VERSUS

Eddie Veal, Captain

Latrakas Price, Sergeant

Burl Cain, Warden

(Enter above the full name of each defendant in this action.)

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. §1983.

This packet includes two copies of a complaint form and one copy of the pauper affidavit.

IF YOU ARE A PARISH PRISONER, you must file an original and one copy of your complaint for each defendant you name. For example, if you name two defendants, you must file the original and two copies of the complaint. You should also keep an additional copy of the complaint for your own records.

IF YOU ARE A D.O.C. PRISONER, you must file an original and one copy of your complaint. If the defendants are still employed by the Department of Public Safety and Corrections, only one service copy is needed. Otherwise, you must supply a copy of the complaint and the service address for each defendant no longer employed by the Department of Public Safety and Corrections.

**All copies of the complaint must be identical to the original.**

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly**

**the same.**

In order for this complaint to be filed, it must be accompanied by the filing fee of $ 120.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. For this purpose, a pauper affidavit is included in this packet. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

When you have completed these forms, mail the original and copies to the Clerk of the United States District Court for the Middle District of Louisiana, P. O. Box 2630, Baton Rouge, La. 70821.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (X) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit

Plaintiff(s): Michael A. Harris

Defendant(s): Eddie Veal, Captain, Latrakas price, Sergeant, Burl Cain, Warden

2. Court (if federal court, name the district; if state court, name the parish):
20th Judicial District Court Parish of West Feliciana
St. Francisville, Louisiana 70775

3. Docket number: 18182

4. Name of judge to whom case was assigned: William G. Michael

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?): Is still pending.

6. Date of filing lawsuit: May 21, 2003

7. Date of disposition: November 10, 2003

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?

Yes ( ) No (X)

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.

N/A

II. Place of present confinement: Louisiana State Penitentiary

A. Is there a prisoner grievance procedure in this institution?

Yes (X) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?

Yes (X) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. LSP-2002-2341

2. What steps did you take? Administrative Remedy Procedure

3. What was the result? Was Denied.

D. If your answer is No, explain why not: N/A

III. Parties

(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Michael A. Harris

Address Camp C Wolf-4 Louisiana State Penitentiary

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant Eddie Veal, Lakrakas Price, Burl Cain is employed as Captain, Sergeant, Warden at Louisiana State Prison

C. Additional Defendants:

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

While detained in La. State Prison, the plaintiff had somehow contracted hepatitis C. He is presently going through Rebetron Treatment a serious, but dangerous medical treatment which the plaintiff must be injected with Intron one time a week and absolve six (6) Rebetol 200 mgs, pills daily for an unknown period of time. Plaintiff submits that the effect of this Intron medication are so powerful, that each time the Intron is injected in his body he must be confined to bed rest for six hours. The least bit of activity can cause serious body injury, or perphaps death because at this stage the plaintiff's body is in a state of fragility. His only comfort is to be left along while he succumbs to headaches, severe body aches, nausea, dizziness and weakness.

Monday July 8, 2002, the plaintiff, like any other day of his Rebetron treatment, arrived at R.E. Barrow tretment Center (The prison hospital) to receive his Intron injection.

After receiving the Intron injection, he slowly returned to his living quarter's

SEE STATEMENT OF CLAIM (CONTINUED). ATTACHED PAGES

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. See Attached Page 5c For Relief

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

Signed this 18TH day of JANUARY, 200 5.

Michael Kooy

Signature of plaintiff(s)

Pine Three unit, and layed in his bed as required. ( See Exhibit "A" and "B" For approximately five days). The plaintiff's Rebetron treatment performace has been repetitive. He always go to hospital, take his injections and come back to the dorm and rest for six (6) hours.

On the above date. Sgt. Price sought fit to challenge the plaintiff's medical condition by forcing him to cut grass in the starching sun. On this particular date Sgt. Price, who was Pine Unit key Sergeant, came in the dorm and ordered the plaintiff to get out of bed. He gave plaintiff a verbal direct order to go to the tool shed and get a lawn mower a cut grass. In the process of the obeying order, the plaintiff informed Sgt. Price that he had just taken Intron injection and that he was weak. He told Sgt. Price that he could not work under this condition. The plaintiff then showed Sgt. Price and Sgt. Ford (the dorm sergeant that worked the dorm) his duty status. Sgt. Ford informed Sgt. Price that plaintiff could not work for six hours after his shot and that the sun was too hot for plaintiff to work in. The plaintiff reiterated that not only was the sun too hot, he suffers from high blood pressure and unable to work under that condition as well.

Sgt. Price told the plaintiff in front of Sgt. Ford that he "did not want to hear that shit" that he "was going to lock your [ plaintiff] ass up if you [ plaintiff] kept on running your [plaintiff] head."

The plaintiff then went to Captain Eddie Veal's office, who was the shift's supervisor, and reported to Captain Veal what had transpired between him and Sgt. Price. Captain Veal replied that he had just got off the phone with Sgt. Ford and that he was going to take care of Sgt. Price.

When the plaintiff made it back to the dorm, Sgt. Price gave him another verbal direct order to check out the lawn-mower and cut the grass. Sgt. ford then said out loud that "this was a damn shame." She informed Sgt. Price that she called the Captain and the captain said the plaintiff did not have to go to work. In response, Sgt. said the captain did not tell him anything so he is going to put plaintiff to work. Sgt. Ford then wrote the incident in the log book.

The plaintiff adhered to Sgt. Price's verbal Direct order and he proceeded to work. He went checked out the lawnmower as ordered, and commenced cutting grass until he lost conscious.

When the plaintiff woke up, he was lying in the hospital emergency room with an IV in his arm. He suffered a brief lost of memory and could not recall what had happened. The medical workers informed him that he passed out on the yard and had to be brought to the hospital in an ambulance. The plaintiff was experiencing dizziness, headache and side pains. With the exception of the IV, he was given only pain medication.

The plaintiff laid in the hospital emergency room for four hours before he was release to go to the dorm.

The Plaintiff now suffers from severe headaches in light of the other sickness he endured before the incident. On July 8, 2002, the plaintiff filed greivance the above defendant by way of Administrative Remedy Procedure. ( See Exhibit "C")

On August 9, 2002, the plaintiff;s first step was denied by the prison administration in case number LSP 2002-2341. ( See Exhibit "D"). On November 14, 2002, the plaintiff 's last and final step was denied by the Secretary of the Department of Correction. ( See Exhibit "E").

First Cause of Action

The Plaintiff has a cause of action against the defendant Eddie Veal and can establish deliberated indifference because the matter was first brought to his attention and he failed to correct Sgt. Price's behavior, thus causing the plaintiff actual injury, pain and suffering, in violation of his 8th Amendment right to be free from cruel and unusual punishment.

Second Cause of Action

The plaintiff has a cause of action against the defendant Sgt. Latrasakas Price because he had known prior to the incident that the plaintiff took Intron injections for hepatitis C, and that the plaintiff was under medical orders, per duty status, to lie down for six hours after taking this shot, when he forced the plaintiff out of his bed to cut grass, causing the plaintiff to suffer actual body injury in violation of his 8th Amendment Right to be free from cruel and unusual punishment.

Third Cause of Action

Both defendants were negligent in their actions when they force the plaintiff to work in the light of his medical condition, and their failure to comply with two medical orders from two qualified and certified doctors, Specialists Doctor Casddie of Earl K. Long hospital and Doctor Carlos Cuenca of R.E. Barrow Treatment Center, that specifically states that the plaintiff must lie down for six hours after taking his Intron injections.

Fourth Cause of Action

Both Defendant;s action along with Warden Cain's action caused the plaintiff emotional distress, and pain and suffering where he now suffers from severe headaches daily and wooziness.

Relief

Wherefore, the plaintiff Michael Harris, request this Honorable Court to grant the following relief.

1.) Grant compensatory damages for each defendant in the amount of $ 150,000.00 dollars for actual injury and physical and emotional pain.

2.) Grant punitive damages in the amount of $20,000.00 from each defendant, for ignoring plaintiffs medical condition and deliberately causing him body injury.

3.) The plaintiff Michael Harris request that he be granted such other relief as it may appear that he is entitled to.

Conclusion

Wherefore, the plaintiff request a jury trial and that he be appointed an attorney to represent this suit because of the complicated issues involved.

Respectfully Submitted,

Michael Harris

Michael Harris # 101823
Camp C Wolf-4
La. State Prison
Angola. La. 70712

EXHIBITS “A”and “B”

**LOUISIANA STATE PENITENTIARY**
**R. E. BARROW, JR. TREATMENT CENTER**
**REFERRAL SLIP**

DATE: [illegible]

NAME: [illegible] DOC#: [illegible] HOUSING UNIT: [illegible]

LOCATION SEEN: [illegible]

REFERRAL TO: [illegible]

DATE OF REFERRAL: [illegible] TIME OF REFERRAL: [illegible] A.M. P.M.

REASON FOR REFERRAL: [illegible]

TEMPORARY DUTY STATUS: [illegible]

TEMPORARY DUTY STATUS EXPIRATION DATE: [illegible]

[illegible]
SIGNATURE OF HEALTH CARE PROVIDER

CC: HIM (WHITE)
PATIENT (YELLOW)
SECURITY (PINK)

LSP-TCEMS 01 REV. 10/97

Exhibits A. & B.

LOUISIANA STATE PENITENTIARY
R.E. BARROW, JR. TREATMENT CENTER
ANGOLA, LA 70712

DS#:

MEDICAL DUTY STATUS REPORT

ISSUE DATE: 7/03/2002 MEMO TYPE DATE: 7/12/2002 PINE 5

DOC#: 101823 NAME: HARR S , MICHAEL RACE: B

TEMPORARY DUTY STATUS: RDWR, ALLOWED TO LIE DOWN AFTER INTRON INJECTION FOR 6 HOURS UNTIL 04/30/2003, GIVEN ON MONDAY, WEDNESDAY AND FRIDAY AFTER 12 NOON

REASON: REBETRON TREAMENT

TEMPORARY DUTY EXPIRES 04/30/2003 AND REVERTS BACK TO PERMANENT DUTY STATUS AT MIDNIGHT.

TEMPORARY DUTY PER ORDERS OF: DR. CASSIDY, MD

************************************ ****************************************

ISSUE DATE: 08/28/97 MEMO TYPE DATE: 9/09/97

PERMANENT DUTY STATUS: REGULAR DUTY WITH RESTRICTIONS: SQUAD B, NO SPORTS

REASON: MEDICAL DIRECTOR REVIEW

PER ORDERS OF: DR. GUTIERREZ MD Perm Duty Status Code: RDWR

INPUT BY [signature]

CC: INMATE SIGNATURE x Mickey Harris

SECURITY SIGNATURE [signature]

FILE

**LOUISIANA STATE PENITENTIARY**
**R.E. BARROW, JR. TREATMENT CENTER**
**HEALTH CARE REQUEST FORM**

012744

INMATE COMPLETE THIS SECTION ONLY (IF APPLICABLE)

Please **PRINT** the following

Name: Michael [illegible] DOC#: 101823 Age: [illegible] Race:

Living Quarters: [illegible] Job Assignment: [illegible] What is your health care complaint and/or request? [illegible]

[illegible]

Inmate Signature:

☐ Sickcall ☐ Triage ☐ A&T Unit ☐ Nursing Unit I/II ☐ MD Clinic ☐ Dental ☐ Mental Health ☐ Other

**HEALTH CARE PROVIDER ASSESSMENT** ☐ a.m.

Date: 4-21-04 Location Seen: 1004 Time Seen: 1715 ☐ p.m.

[redacted]

**NEW MEDICATIONS ORDERED: TOTAL:** ______

[illegible]

**HCP#** **HEALTH CARE PROVIDER SIGNATURE**

**PHYSICIAN SIGNATURE**

☐ No Medical Co-Payment ☐ Medical Access Fee @ $3.00 ☐ Prescription @ $2.00 each Total $ ______

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for self-initiated request for health care services and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referred regulation. I am aware that if I declare myself a medical emergency and the health care staff finds that an emergency does not exist, I may be given a disciplinary report for malingering or aggravated malingering.

| INMATE SIGNATURE | DOC# | DATE | WITNESS SIGNATURE |
|---|---|---|---|
| White Copy (Original) - Medical Record | Blue Copy - Business Office | | Yellow Copy - Inmate's Copy |

**LOUISIANA STATE PENITENTIARY**
**R.E. BARROW, JR. TREATMENT CENTER**
**HEALTH CARE REQUEST FORM**

895002

INMATE COMPLETE THIS SECTION ONLY (IF APPLICABLE)
Please **PRINT** the following

Name: [illegible] DOC#: [illegible] Age: ______ Race: ______

Living Quarters: [illegible] Job Assignment: ______ What is your health care complaint and/or request?

[illegible]

Inmate Signature: ______

☐ Sickcall ☐ Triage ☐ A&T Unit ☐ Nursing Unit I/II ☐ MD Clinic ☐ Dental ☐ Mental Health ☐ Other

**HEALTH CARE PROVIDER ASSESSMENT**

Date: 2-4-04 Location Seen: [illegible] Time Seen: 9:47 ☐ a.m. ☐ p.m.

[redacted]

**NEW MEDICATIONS ORDERED: TOTAL:**

[illegible] ______ [signature]

**HCP#** **HEALTH CARE PROVIDER SIGNATURE**

______

**PHYSICIAN SIGNATURE**

☒ No Medical Co-Payment ☐ Medical Access Fee @ $3.00 ☐ Prescription @ $2.00 each Total $ 0

I understand that in accordance with Dept. Reg. No. B-06-001, I will be charged $3.00 for self-initiated request for health care services and $2.00 for each new prescription written and dispensed to me, with the exceptions noted in the referred regulation. I am aware that if I declare myself a medical emergency and the health care staff finds that an emergency does not exist, I may be given a disciplinary report for malingering or aggravated malingering.

[signature] ______ ______ [signature]

| **INMATE SIGNATURE** | **DOC#** | **DATE** | **WITNESS SIGNATURE** |
|---|---|---|---|
| White Copy (Original) - Medical Record | Blue Copy - Business Office | | Yellow Copy - Inmate's Copy |

# EXHIBIT "C"

To: Unit Head Of Louisiana State Penitentiary
Administration Building
Angola Louisiana (Farm Mail)

From: Inmate Michael Harris #101823
Louisiana State Penitentiary
Pine #3 Dorm
Angola Louisiana

Date: July 8. 2002

Reference: This Is A Request For Administrative Remedy: Regarding the problem I have and constantly experiencing with security. Letter of explanation and relife requested;

Dear Unit Head Of L.S.P.

I am writing this letter directly to you and your office for the express purpose of resolving the following matter.

For it is Known to each and every inmate here at Angola that security has a job to do upon a daily bases. And that is being recognize and respected. But when security gose beyond their call of duties and feel within thereself that they should act as a part of our punishment... They performance can only be looked upon as an act of Abuse Of Authority.

Statement Of Facts

On Monday July 8. year of 2002. I were ordered by a one Sgt. Price who works Pine unit Keys... To go to the tool shed and check out a lawmower where as I can cut grass. Now even though I am initially Assigned as a yard orderily. yet, Sgt Price took the initiative upon his on, and forced me to go to work and in doing so, he totally and completely disrespected my duty statistics, with restrictions are strongly stipulated that I am Allowed to lie down After Intron Injection for Six (6) Hours Until 04/30/2003 Given On Mondays, Wednesdays And Fridays...

I showed Sgt, Price my duty status and also the Lady Sgt Mrs. Ford, who were working Pine #3 dorm... informed the Sgt in question, of the fact it is logged in the book that, the said duty status exsist and she suggest that he don't force me to go out into the sun.

At that point I attempted to explain that, I also suffer with heigh blood pressure and it seem that the combination of the side effects from the shot, and blood pressure rendered me to feel dizziness.

Instead of Sgt, Price taking my medical status into concern. He said that he didn't want to here that shit and he were going to lock my ass up if I keep running my head.

I didn't wish to creat a problem for myself so I did as I were order to do.. But I were unable to compelet the given order, because being forced out into the sun, shortly after my shot rendered me into unconscieneness, and I had to be taken back to the hospital by an ambulance, which the records will reflect..

Here after taking all of this into account: Sgt. Price action can only be looked upon and excepted as a clear case of an Abuse Of Authority. I feel that my life and liberty has been placed in jeopardy by this officer actions and he is not fit to over see, I myself and other inmates here at Angola, because he unable to show regard for one's state of being...

Therefore by means of this request for Administrative Remedy Relief Requested: I do sincerely request that an immediatly investigation be conducted into the above matter and Sgt. Price be suspended until this investigation is completed I further request that I be afforded compensation for Mental Anguish all Medical expense etc.

I have every confidence that the effectiveness and expediance in which your office could handle this matter. I am also hoping that your office in some way rectify the problem that is the scece of my concern.

Thanking you in advance for your assistance in regard to this matter.

I Remain.

Sincerely yours
/s/ Michael Harris
Michael Harris #101823

DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

FORM ARP-1
(ACCEPTED)

NUMBER: LSP - 2002 - 2341

OFFENDER'S RELIEF REQUEST FORM
(Type or use ball-point pen)

TO: MICHAEL HARRIS 101823 (Inmate's Name & Number)    LSP (PINE 3) (Inmate's Living Unit)

Your request for Administrative Remedy has been accepted under the two-step ARP Procedure that went into effect on 4/20/2002. Only one response will be issued by the Louisiana State Penitentiary. If you pursue this ARP to the second step, the second step response will be issued by the Secretary.

XXX ACCEPTED. LSP has 40 days from the date of acceptance to respond to your request. The institution may request and receive a five day extension of time to respond, if necessary. Please do not attempt to proceed to the second step until you have received your first step response or the time limit with applicable extension of time has lapsed. Inquiries about ARP requests may be directed to the Legal Programs Department. Please include the ARP number whenever you inquire about a request for Administrative Remedy.

| 4/8/2002 | 8/8/2002 | DORA RABALAIS |
|---|---|---|
| DATE OF INCIDENT | DATE OF ACCEPTANCE | WARDEN'S DESIGNEE |

---

SECOND STEP (Pink copies)

On 9/15/2002 (date), I received a written response to my First Step request. I am not satisfied with this response because the full contents of this Report are A strong fabrication from Sgt, Price in And as well Captain Eddie Veal. For herein Captain Veal stated that ... I refused these orders and deliberately violated my own duty status by going out the yard to work. That statement is too far-fetched and I feel that it is unjust-ifiable at this time to point a finger at Captain Veal and parties... This scenario never took place as it is described in the report. I am not one of the smartest person in the world nor am I the most dumbest... Why would I take the liberty upon my own and place myself in such jeopardy? When I have complete knowledge of the fact that, I do indeed has a very serious medical problem. Why would I put myself in a position where as I may go into a stroke, have a cardiac arrest etc.? In the report it was stated that, I refused a order Well why wasn't I written up? That da-comes under disobedience. Doesn't it? There was no write up because no such order was ever given. Their statement is only A move to att-empt to cover up this matter... And due to this, I am at this time alleging acts of conspiracy on the lack of their doll herein, And I furthere request that their credibility as honest ranking officials be question.
I stand upon my initial Administrative Remedy And I will preced..

Therefore, I am commencing the Second Step by sending the pink copy of this form (ARP-1), and the pink copy of the First Step response (ARP-2) to the LSP Legal Programs Department. This request must reach Legal Programs within five days of my receiving the First Step Response.

9/18/2002
DATE

Michael Harris 101823
SIGNATURE

EXHIBIT "D"

FORM ARP-2

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
CORRECTIONS SERVICES

NUMBER LSP 2002 - 2341

# FIRST STEP RESPONSE FORM
(UNIT HEAD)

TO: MICHAEL HARRIS #101823 — LSP (MPW-PINE 3)
(Offender's Name and Number) — (Living Unit)

FROM: Burl Cain — Warden
Unit Head — Title

Response to Request Dated 07/08/02, Accepted on 08/08/02:

The response to your request is as follows:

You claim on July 08, 2002, you were ordered to report for work by Sergeant Latrakas Price, which was in violation of your duty status. A statement was received from Sergeant Price denying all allegations. A statement was also received from Captain Eddie Veal stating he ordered you not to work because of your duty status. Captain Veal and Sergeant Price both state you refused these orders and deliberately violated your own duty status by going on the yard to work, without their knowledge. Captain Veal and Sergeant Price always conduct themselves in a professional manner. Also, rounds are made daily by high-ranking officials who state you have never made a complaint of this nature. You have failed to provide evidence to support your allegations.

Your request for Administrative Remedy is denied at this level.

Prepared by: [signature]
Michael Roberts, AW1/MP West Yard

Approved by: [signature]
Donald Barr, AW2/Main Prison

mhp

9/4/02
Date of Response

[signature]
Unit Head's Signature

INSTRUCTIONS TO INMATE: If you are not satisfied with this response, you may go to STEP 2 by filing out the second step section of ARP-1 and sending the yellow copies of ARP-1, and ARP-2 to the LSP Legal Programs Department. These forms must reach the Legal Programs Department within 5 days of receipt of this response. The white copy is for you to keep. This ARP was accepted under the new Two-Step ARP Procedures. Only one response will be issued by LSP. The second step response is the Secretary's response.

# EXHIBIT "E"

**LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**

**CASE NUMBER: LSP-2002-2341**

**SECOND STEP RESPONSE FORM**
**(HEADQUARTERS)**

TO: HARRIS, MICHAEL 101823 — Inmate Name and Number

LSP — Living Unit

Response to Request Dated 9/16/02, Received in this Office on 9/30/02:

Your request for an Administrative review of ARP # LSP-2002-2341 has been received. We have considered your statements in this matter. A qualified Headquarters staff member has closely reviewed your ARP to determine the validity of your claims, to assess this particular situation, and to issue a fair response. Captain Veal and Sgt. Price have provided written responses denying your allegations. Both officers indicate that you went to work call without their knowledge. There is no reason to doubt the credibility of these officers. Therefore, the first step response has been determined to be clear and concise and has adequately addressed your issues.

Your request for relief is denied.

11-14-02
Date

Linda Ramsay
Secretary's Signature or His Designee

5

On the 15 date year of 2002. I received the reply from Warden/Michael Roberts W.I/Mr. Westyard. And Warden Donald Darr. AW 2/MP:.. Concerning the Administrative Remedy, which I fild in the month of July. And was denied.

Here due to the decision that were made. I am totally and completely dis-satified with this response because. The full content of this report are a strong fabrication from Sgt. Rice in add as well Captain Eddie Veal. For herein: Captain. Veal. stated that... I refused these orders and deliberately violated my own duty status, by going on the yerd to work. That statement is too, far-fetched and I feel that it is Justifiable at this time to point a finger at Captain Veal and parties... This scenario never took place as it is described in the said report. I am not one of the smartest person in the world. nor am I the most dumbest. Why would I take the liberty upon my own and place myself in such jeopardy when I have complete Knowlege of the fact, that, I do indeed has a very serious medical problem... Why would I put myself in a positions where as I may go into a stroke, have a cardiac-arrest etc.?

In the report. it was stated that, I refused an order. Well why wasn't I written up? That do comes under disobdience, dosen't it?

Their were no write up, because no such order was ever given... Their statement is only a move to attempt to cover up this matter... And due to this I am at this time alleging act's of conspiracy on the lack of their roll herein and I further request that their credibilty as honest ranking official be question.

To: Unit Head Of Louisiana State Penitentiary
Administration Building / Warden's Office
Angola, Louisiana (Farm Mail)

From: Inmate Michael Harris #101823
Louisiana State Penitentiary
Pine #3
Angola, Louisiana (Farm Mail)

Date: July 8, 2002

Rep: This is a Request For an injunctive relief Permanent, in writing, regarding the Administrative Remedy That I Am filing To your office on This date of July 8, 2002.

Offender. Michael Harris #101823 Additionally seek injunctive reli[ef] prohibiting the parties named herein, their successors in office, Agen[ts] and employees, and all other persons in Active concert and participation with them, from harrassing, threatening, punishing [or] retaliating in anyway against the offender's person because he has filed this Administrative Remedy Procedure.

Respectfully yours
s/ Michael Harris
Michael Harris #101823
Pine #3
Louisiana State Penitentiary
Angola, Louisiana 7071[2]

Michael A. Harris,
Plaintiff
Versus

Captain, Eddie Veal,
Sergeant, Latrakas Price,
Defendants

20th Judicial District Court

Parish of St. Fransicville

No: ______________

**APPLICATION FOR RELIEF IN TORT ACTION CC ART. 2315**

**NOW INTO THIS HONORABLE COURT** comes, Michael Harris, (herein Plaintiff), with a tort action against the above defendants in their personal and individual capacity, pursuant to the 8th Amendment of the United States Constitution, crude and unusual punishment; La.C.C. art. 2315, which said defendants willfully caused physical injury upon the plaintiff when they disregarded his serious medical condition and forced him to work.

I.

The plaintiff, Michael Harris #108123 is a Louisiana State Prisoner presently serving a life sentence for second degree murder and is housed at Angola, Louisiana in Pine Unit dorm Three. The plaintiff is a domiciliary citizen of this state. He was born and raised in the city of New Orleans, Louisiana.

II.

The defendant, Eddie Veal, is employed by the State of Louisiana at Louisiana State Penitentiary, Angola. He is a professional correctional officer, and at the time of the plaintiff's injury, he held the titled of captain.

III.

The defendant, Latrakas Price, is employed by the State of Louisiana at Louisiana State Penitentiary, Angola. He is a correctional officer, and at the time of the plaintiff's injury, he held the titled of sergeant.

IV.

While detained in this institution, the plaintiff had somehow contracted hepatitis C. He is presently going through Rebetron Treament, a serious, but dangerous medical treatment which the plaintiff must be injected with intron one time a week and absolve six (6) rebetol 200mgs., pills daily for an unknown period of time.

V.

At the time of the incident that gave birth to this suit, the plaintiff was injected with intron three (3) times a week, Monday, Wednesday and Friday and given six (6) rebetol 200mgs., pills to take daily.

VI.

The plaintiff submits that the effects of this intron medication are so powerful, that each time the intron is injected in his body he must be confined to bed rest for six (6) hours. The least bit of activity can cause a serious body injury, or perhaps death because at this stage the plaintiff's body is in a state of fragility. His only comfort is to be left along while he succumbs to headaches, severe body aches, nauseate, dizziness and weakness.

VII.

The plaintiff started taking Rebetron Treament on July 3, 2002. On this same date, Specialist Doctor Casddie from Earl K. Long hospital and Doctor Carlos Cuenca from R.E. Barrows Treatment center issued the plaintiff a duty status, limiting his ability to do prison labor. Copies of this duty status was also issued to security. See secutity signature on exhibits "A" and "B".

VIII.

The plaintiff, on the above date showed a copy of his duty to the key and dorm sergeant. The duty status clearly described what kind of medication the plaintiff was taking and it mandated that he lie down for six (6) hours after he receive the injections.

***See exhibit "A".*** The plaintiff was issued a total of four (4) duty statuses describing the same thing. ***See exhibit "B".***

IX.

Monday, July 8, 2002, the plaintiff, like any other day of his Rebetron Treatment, arrived at R.E. Barrow Treatment Center (the prison Hospital), to receive his intron injection.

X.

After receiving the intron injection, he slowly returned to his living quarter's, Pine Three Unit, and lay in his bed as required. ***See exhibits "A" and "B."*** For approximately five days. The plaintiff's Rebetron Treatment performance has been repetitive. Go to the hospital, take his injections, and come back to the dorm and rest for six (6) hours.

XI.

On the above date, Sgt. Price sought fit to challenge the plaintiff's medical condition by forcing him to cut grass in the starching sun.

XII.

On this particular date, Sgt. Price, who was Pine Unit key sergeant, came in the dorm and order the plaintiff to get out of bed. He gave the plaintiff a verbal direct order to go to the tool shed, get a lawn-motor and cut grass. In the process of the obeying the order, the plaintiff informed Sgt. Price that he just took his intro injection and that he was weak. He told Sgt. Price that he could not work in this condition. The plaintiff then showed Sgt. Price and Sgt. Ford (the sergeant that works the dorm) his duty status.

XIII.

Sgt. Ford informed Sgt. Price that the plaintiff could not work for six hours after taking his shot and that the sun was too hot for the plaintiff to work in.

XIV.

The plaintiff reiterated that not only was the sun too hot, he suffers from high blood pressure and unable to work under that condition as well.

XV.

Sgt. Price told the plaintiff in front of Sgt. Ford that he "did not want to hear that shit" that he "was going to lock your [plaintiff] ass up if you [plaintiff] kept on running your [plaintiff] head."

XVI.

The plaintiff then went to the Captain Eddie Veal's office, who was the shift's supervisor, and reported to Capt. Veal what had transpired between him and Sgt. Price. Captain Veal replied that he had just got off the phone with Sgt. Ford and that he was going to take care of Sgt. Price.

XVII.

When the plaintiff made it back to the dorm, Sgt. Price gave him another verbal direct order to check out the lawn-motor and cut the grass. Sgt. Ford then said out loud that "this was a damn shame." She informed Sgt. Price that she called the captain and the captain said the plaintiff did not have to go to work. In response, Sgt. Price said the captain did not tell him anything so he is going to put plaintiff to work. Sgt. Ford then wrote the incident in the log book.

XVIII.

The plaintiff adhered to Sgt. Price's verbal direct order and he proceeded to work. He went checked out the lawnmower as ordered, and commenced cutting grass until he lost conscious.

XIX.

When the plaintiff woke up, he was lying in the hospital emergency room with an IV in his arm. He suffered a brief lost of memory and could not recall what had happened. The medical workers informed him that he passed out on the yard and had

to be brought to the hospital in an ambulance. The plaintiff was experiencing dizziness, headache and side pains. With the exception of the IV, he was given only pain medication.

XX.

The plaintiff laid in the hospital emergency room for four hours before he was release to go to the dorm.

XXI.

The plaintiff now suffers from severe headaches in light of the other sickness he endured before the incident.

XXII.

On July 8, 2002, the plaintiff filed greivance against the above defendants by way of Administrative Remedy Procedural. ***See exhibit "C".***

XXIII.

On August 9, 2002, the plaintiff's first step was denied by the prison administration in case number LSP 2002-2341. ***See exhibit "D".***

XXIV.

On November 14, 2002, the plaintiff's last and final step was denied by the Secretary of the Department of Correction. ***See exhibit "E".***

XXV.

***FIRST CAUSE OF ACTION***

The plaintiff has a cause of action against the defendant Eddie Veal and can establish deliberated indifference because the matter was first brought to his attention and he failed to correct Sgt. Price's behavior, thus causing the plaintiff actual injury, pain and suffering, in violation of his 8th Amendment Right to be free from cruel and unusual punishment.

XXVI.

***SECOND CAUSE OF ACTION***

The plaintiff has a cause of action against the defendant Sgt. Latrasakas Price because he had known prior to the incident that the plaintiff took intron injections for hepatitis C, and that the plaintiff was under medical orders, per duty status, to lie down for six hours after taking this shot, when he forced the plaintiff out of his bed to cut grass, causing the plaintiff to suffer actual body injury in violation of his 8th Amendment Right to be free from cruel and unusual punishment.

XXVII.

***THIRD CAUSE OF ACTION***

Both defendants were negligent in their actions when they force the plaintiff to work in light of his serious medical condition, and their failure to comply with two medical orders from two qualified and certified doctors, Specialists Doctor Casddie of Earl K. Long hospital and Doctor Carlos Cuenca of R.E. Barrows Treatment center, that specifically states that the plaintiff must lie down for six hours after taking his intron injections.

XXVIII.

***FOURTH CAUSE OF ACTION***

Both defendants' actions caused the plaintiff emotional distress, and pain and suffering where he now suffers from severe headaches daily and wooziness.

**RELIEF**

Wherefore, the plaintiff Michael Harris, request this Honorable Court to grant the following relief:

1). Grant compensatory damages for each defendant in the amount of $150,000.00 dollars for actual injury and physical and emotional pain.

2). Grant punitive damages in the amount of $20,000.00 from each defendant, for ignoring plaintiff's medical condition and deliberately causing him body injury.

3). The plaintiff Michael Harris request that he be granted such other relief as it may appear that he is entitled to.

## *CONCLUSION*

**WHEREFORE**, the plaintiff requests a jury trial and that he be appointed an attorney to represent this suit because of the complicated issues involved.

Respectfully Submitted,
Michael Harris
Michael Harris #101323
Pine Unit - 3
La. State Penitentiary
Angola, La 70712

### *CERTIFICATE OF SERVICE*

This is to certify that a copy of the foregoing suit has been served on the defendants, Eddie Veal and Latrasakas Price by placing said copies in the institutional mail box addressed to Louisiana State Penitentiary, at Angola, La. 70712, on this 21 day of May 2003.

Respectfully Submitted,

Michael Harris

Michael Harris
#108823 Pine-3
La. State Penitentiary
Angola, La 70712

| | |
|---|---|
| **MICHAEL HARRIS** | **: NUMBER: 18182 DIV. B** |
| | **: 20TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **: PARISH OF WEST FELICIANA** |
| **CAPTAIN EDDIE VEAL**<br>**SERGEANT LATRAKAS PRICE** | **: STATE OF LOUISIANA** |

**ANSWER WITH JURY DEMAND**

**NOW INTO COURT** through undersigned counsel comes defendant Sgt. Latrakas Price[1] who for answer to the petition states as follows:

1.

Defendant admits the allegations of paragraph I except that plaintiff's correct DOC number is 101823.

2.

Defendant denies that Eddie Veal is now employed by the State of Louisiana, but at the time of the incident he was so employed with a rank of captain.

3.

Defendant denies that plaintiff was injured but otherwise admits the allegations of paragraph III.

4.

In response to paragraph IV, defendant on information and belief admits plaintiff has been diagnosed with Hepatitis C and at the time of the incident sued upon had been prescribed injections of interferon thrice weekly but otherwise denies the allegations as written.

5.

Defendant admits plaintiff received interferon injections thrice weekly but otherwise denies the allegations of paragraph V for lack of sufficient information.

[1] The petition names Captain Eddie Veal as a defendant also. This person is no longer employed by the Louisiana Department of Public Safety and Corrections, and defense counsel has been provided information indicating only defendant Price was served with the petition and citation. Consequently no appearance is being made for defendant Veal until such time as he may be served.

6.

Defendant admits that after the incident made the subject of this suit he learned that in conjunction with the interferon injections plaintiff was issued a duty status that allowed him to remain in his bunk for six (6) hours after each injection but otherwise denies the allegations of paragraph VI.

7.

In response to paragraph VII, defendant denies the allegations for lack of sufficient information.

8.

Defendant denies the allegations of paragraph VIII.

9.

Defendant admits plaintiff received an interferon injection the morning of July 8, 2002.

10.

For lack of sufficient information, defendant denies the allegations of paragraph 10.

11.

Defendant denies the allegations of paragraphs XI, XII, XIII, XIV, and XV as written.

12.

Defendant denies the allegations of paragraph XVI.

13.

Defendant denies the allegations of paragraph XVII as written.

14.

Defendant denies the allegations of paragraph VXIII.

15.

Defendant admits plaintiff was found at approximately 1:55 p.m. on July 8, 2002 lying on the ground behind the Oak Dormitory in an ostensible unconscious condition,

that an ambulance was summoned, and that plaintiff was transported to the R.E. Barrow Treatment Center at LSP for treatment, but otherwise denies the allegations of paragraph XIX.

16.

Defendant admits the allegations of paragraph XX.

17.

Defendant denies the allegations of paragraph XXI.

18.

On information and belief, in response to paragraphs XXII, XXIII, and XXIV, defendant admits that plaintiff initiated and exhausted the administrative process but denies the exhibits were attached to the service copy of the petition.

19.

No response to paragraph XXV by this defendant is required, but to the extent it might be, the allegations are denied.

20.

Defendant denies the allegations of paragraphs XXVI, XXVII, and XXVIII.

21.

Defendant pleads qualified immunity to the Eighth Amendment claim and discretionary immunity to the negligence claim.

22.

Defendant is entitled to and desires trial by jury.

WHEREFORE defendant prays for trial by jury, that plaintiff's demands be rejected with prejudice and at his cost, and that judgment in favor of defendant be entered accordingly.

Respectfully submitted,

**RICHARD P. IEYOUB**
**ATTORNEY GENERAL**

**BY:** ______________________
**ROBERT S. LEAKE**
ASSISTANT ATTORNEY GENERAL
BAR ROLL #08182

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
P.O. BOX 94005
BATON ROUGE, LA 70804-9005
FAX: (225) 326-6495

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 10th day of December, 2003.

______________________
**ROBERT S. LEAKE**

**Michael Harris**
**DOC# 101823**
**Louisiana State Penitentiary**
**Angola, LA 70712**

APPENDIX 9

Micheal Harris #101823
(Plaintiff's Name and DOC Number)

VERSUS

Captain Eddie Veal, Sergeant Latraskas Price

NUMBER: 18182 DIVISION: B

20TH JUDICIAL DISTRICT COURT

PARISH OF WEST FELICIANA

STATE OF LOUISIANA

FILED
AUG 0 6 2003
Joe A. Bacco
Dy. Clerk of Court

**PAUPER ORDER**

Considering the plaintiff's application to proceed in forma pauperis; that the said application reflects the status of his eligibility as of the date of the signing of the form, the law and evidence being in favor thereof;

**IT IS ORDERED**, that plaintiff's motion to proceed in forma pauperis is granted pursuant to law, for the purpose of the filing fee. All prisoners granted in forma pauperis status shall be assessed and **required to pay** $ 213.00, the initial filing fee, in amounts as set by LSA-R.S. 15:1186, et seq., ~~plus all costs accruing~~ after the filing of the suit. Plaintiff shall be required to pay an initial partial filing fee and thereafter, prison officials shall be required to forward monthly payments from the plaintiff's inmate account until the entire filing fee is paid.

Pd 8-28-03 Joe Bacco Deputy Clerk

**IT IS FURTHER ORDERED, that within 20 days from the date of this order the Plaintiff shall pay an initial partial filing in the amount of $ 1.00 to the Clerk of Court for the 20th Judicial District Court** or the suit may be dismissed. **It is the plaintiff's responsibility to pay the initial partial filing fee.**

**IT IS FURTHER ORDERED**, that following the payment the plaintiff shall make monthly payments of 20 per cent of the preceding month's income credited to his prison account. The Centralized Inmate Banking Section shall automatically forward monthly payments to the court for the Louisiana Department of Public Safety and Corrections without further action by the plaintiff.

**IT IS FURTHER ORDERED**, that following payment of the initial partial filing fee, Centralized Inmate Banking Section for the Louisiana Department of Public Safety and Corrections shall forward the monthly payment from the plaintiff's prison account to the Clerk of Court each time the amount in the plaintiff's prison account exceeds $10.00 until the initial advance deposit of $ 213.00 and all costs accruing after filing are paid.

**IT IS FURTHER ORDERED**, a copy of this order shall be mailed to the plaintiff and to the Centralized Inmate Banking Section of the Louisiana Department of Public Safety and Corrections.

**IT IS FURTHER ORDERED**, that the Louisiana Department of Public Safety and Corrections remit the above ordered funds to the **20th Judicial District Court, Office of the Clerk of Court, Collections Department, Post Office Box 1843, St. Francisville, Louisiana 70775** in accordance with law until all costs are paid.

**SO ORDERED**, this 6 day of AUGUST, 2003 at St. Francisville, Louisiana.

[signature]

JUDGE

20TH JUDICIAL DISTRICT COURT

I hereby certify that I have, this date, mailed a copy of the foregoing Pauper Order, via U.S. Mail, postage prepaid, to Fran Tompley, Centralized Inmate Banking, LA Department of Corrections, 504 Mayflower Street, Baton Rouge, LA 70802 and Michael Harris, #101823, Pine #2, Louisiana State Penitentiary, Angola, LA 70712; St. Francisville, Louisiana, this 11th day of August, 2003.

[signature]

Deputy Clerk of Court

Mary Nell Marchive
Clerk of Court
Parish of West Feliciana
Post Office Box 1843
St. Francisville, LA 70775

**ADVANCE DEPOSIT III** № 21632

Aug. 28 20 03

*Received of* DOC Inmate Banking / Michael Harris # 101823

Two hundred thirteen and no/100 *Dollars*

*Amount Paid* 213.00

*Suit No.* 18182

*Check No.* 0858737

Lee A. Basco

**MARY NELL MARCHIVE**

WEST FELICIANA PARISH CLERK OF COURT
POST OFFICE BOX 1843
ST. FRANCISVILLE, LOUISIANA 70775

Michael Harris, #101823
Louisiana State Penitentiary
Angola, LA 70712

BILLING DATE:
ACCOUNT ID: 18182-B
PREVIOUS BALANCE:

*ACCOUNT ACTIVITY*

| DATE | INVOICE NO. | DETAILS | CHARGES | PAYMENTS |
|---|---|---|---|---|
| 8/6/2003 | 18182 | Inmate Ligitation Filing Fees | $213.00 | |
| 8/28/2003 | 18182 | DOC Check No. 0858737 | | $213.00 |
| | | *Totals:* | **$213.00** | **$213.00** |
| | | ***Please pay this amount:*** | | **$0.00** |

*When sending payment, include the invoice number on the check. Thank you.*

Check **No.** 0858737

| MEMO | | REF. NO | AMOUNT | DISTRIBUTION | |
| --- | --- | --- | --- | --- | --- |
| | | | | Account | Amount |
| 101823HARRIS | MICHAEL | 0122C0 | 213.00 | | |

**Have a nice day!!!**

6T00C00

MICHAEL HARRIS

-VERSUS-

Captain, Eddie Seal,
Sergeant, Lutenton Price

NUMBER:______ DIVISION: ______

20TH JUDICIAL DISTRICT COURT

PARISH OF WEST FELICIANA

STATE OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MOTION AND AFFIDAVIT**
**IN SUPPORT OF MOTION TO PROCEED IN**
**FORMA PAUPERIS**

I, Michael Harris, being first duly sworn, depose and say that I am the Plaintiff in the above entitled case; that I move to proceed in forma pauperis and in support of my motion to proceed without being required to prepay fees, costs or give security therefor. I state that because of my poverty and lack of means, I am unable to pay the costs of said proceeding in advance or as they accrue, or to furnish security therefor; that I believe I am entitled to redress.

I further swear that the responses which I have made to following questions and instructions below are true.

1. Do you own any cash, or do you have money in a checking or savings account?

   Yes<u>XX</u> No___ (Include any funds in prison accounts)

   If answer is yes, state the total value of the items owned.

<u>MONEY IN PRISON SAVINGS ACCOUNT WHICH IS NOT ACCESSIBLE TO ME.</u>

Michael Harris
(Plaintiff's signature)

**Certificate**

I hereby certify that the plaintiff, Michael Harris D.O.C. #101823, herein has the sum of $________ on account to his credit at the <u>Louisiana State Penitentiary</u> where he is confined. I further certify that plaintiff likewise has the following securities to his credit according to the records of the Louisiana State Penitentiary Inmate Banking System: ____________________
____________________________________

________________________
Authorized Officer of Institution

# FORM A. INCOME-EXPENSE AFFIDAVIT

MICHAEL HARRIS

-VERSUS-

Captain, Eddie, et al,
Sergeant, Lateshia Price

NUMBER:______ DIVISION: ______

20TH JUDICIAL DISTRICT COURT

PARISH OF WEST FELICIANA

STATE OF LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

INCOME--EXPENSE AFFIDAVIT OF ____________________

I. INCOME

A. Gross Monthly Income:

| | Source | | Amount |
|---|---|---|---|
| 1. | None | 1. | $ |
| 2. | N/A | 2. | $ |
| 3. | N/A | 3. | $ |

TOTAL GROSS MONTHLY INCOME: $ ____________________

B. Itemized Payroll Deductions:

| | | | |
|---|---|---|---|
| 1. | N/A | 6. | |
| 2. | | 7. | |
| 3. | | 8. | |
| 4. | | 9. | |
| 5. | | 10. | |

Total Monthly Payroll Deductions: $ NONE

C. Net Monthly Income: $ NONE

II. LIVING EXPENSES

D. Monthly Living Expenses (Exclude Fixed Debt). (Less actual expenditures only; do not list future, anticipated, or speculative expenses.)

| | | Spouse/Parent | Child/Children |
|---|---|---|---|
| 1. | Rent/Mortgage note | $ N/A | $ n/A |
| 2. | Food | $ N/A | $ n/A |
| 3. | Household Supplies | $ N/A | $ n/A |
| 4. | Clothing | $ N/A | $ n/A |
| 5. | Transportation (fuel Cost) | $ N/A | $ n/A |
| 6. | Medical | $ N/A | $ n/A |
| 7. | Dental | $ N/A | $ n/A |
| 8. | Prescription | $ N/A | $ n/A |
| 9. | Utilities | $ N/A | $ n/A |

| | | | |
|---|---|---|---|
| | Electric | $ N/A | $ N/A |
| | Gas | $ N/A | $ N/A |
| | Water | $ N/A | $ N/A |
| | Phone | $ N/A | $ N/A |
| 10. | Laundry | $ N/A | $ N/A |
| 11. | Personal Grooming | $ N/A | $ N/A |

12. Education Expenses (Total)

| Type | For Whom | Amount |
|---|---|---|
| N/A | N/A | $ N/A |
| | | $ |
| | | $ |

13. Other Expenses (Total)

| Type | Amount |
|---|---|
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |
| N/A | $ N/A |

TOTAL MONTHLY LIVING EXPENSES

III. FIXED DEBT

E. Fixed Debt (Other than mortgage and car note listed above.)

| OBLIGEE | BALANCE DUE | DATE OF LAST PMT. | MONTHLY PMT. |
|---|---|---|---|
| | $ | | $ |
| | $ | | $ |
| | $ | | $ |
| TOTAL FIXED DEBT | $ NONE | | $ |

Mathew Harris
LITIGANT

**SWORN TO AND SUBSCRIBED** before me, Ex Officio Notary Public, on this

______ day of ________________ 2003.

_______________________________
EX OFFICIO NOTARY PUBLIC

WEST FELICIANA PARISH
NOV 10 2003
RECEIVED

| | |
|---|---|
| **MICHAEL HARRIS** | **NUMBER: 18182 DIVISION: B** |
| **VERSUS** | |
| **CAPTAIN EDDIE VEAL**<br>**SERGEANT LATRAKAS PRICE** | **20[TH] JUDICIAL DISTRICT COURT**<br>**PARISH OF WEST FELICIANA**<br>**STATE OF LOUISIANA** |

**To: MICHAEL HARRIS, DOC #101823, Louisiana State Penitentiary, Angola, LA 70712**

## ORDER

PURSUANT TO AN ORDER OF THIS HONORABLE COURT, the motion is granted and defendant is hereby given an extension of thirty (30) days within which for file responsive pleadings.

A certified copy of the Order is attached hereto.

Witness the Honorable WILLIAM G. CARMICHAEL, Judge of our said Court on this 10th day of November, 2003.

Requested by:
Robert S. Leake, Asst. A.G.
P.O. Box 91279
Baton Rouge, LA 70821

**Mary Nell Marchive**
**Clerk of Court**

By: Lee A. Bazco
Deputy Clerk of Court

**FOR USE BY THE SHERIFF'S OFFICE ONLY**

☐ RECEIVED ____________________________
Date

☐ SERVED ☐ Personal ☐ Domiciliary

☐ HOLD (Attorney's Request) ☐ Attorney Notified

☐ UNABLE TO LOCATE
- ☐ Moved to
- ☐ No such number
- ☐ Not known at this address
- ☐ Comments ____________________________

____________________________

**DATE** ______________ **DEPUTY SHERIFF** ______________

MICHAEL HARRIS : NUMBER: 18182 DIV. B

: 20TH JUDICIAL DISTRICT COURT

VERSUS

: PARISH OF WEST FELICIANA

CAPTAIN EDDIE VEAL : STATE OF LOUISIANA
SERGEANT LATRAKAS PRICE

FILED: NOV 07 2003

Lee Q. Basco
DEPUTY CLERK

**ORDER**

**CONSIDERING** the Motion for Extension of Time, the motion is granted and defendant is hereby given an extension of thirty (30) days within which to file responsive pleadings.

St. Francisville, Louisiana this 10 day of November, 2003.

**S / WILLIAM G. CARMICHAEL**
**JUDGE, TWENTIETH JUDICIAL DISTRICT COURT**

Information for service:
**Michael Harris**
**DOC# 101823**
**Louisiana State Penitentiary**
**Angola, LA 70712**

CERTIFIED
TRUE COPY
NOV 1 0 2003
Lee Q. Basco
Dy. Clerk of Court

| | |
|---|---|
| **MICHAEL HARRIS** | **: NUMBER: 18182 DIV. B** |
| | **: 20TH JUDICIAL DISTRICT COURT** |
| **VERSUS** | **: PARISH OF WEST FELICIANA** |
| **CAPTAIN EDDIE VEAL**<br>**SERGEANT LATRAKAS PRICE** | **: STATE OF LOUISIANA** |

**FILED:** NOV 0 7 2003

Joe A. Basco
**DEPUTY CLERK**

**MOTION FOR EXTENSION OF TIME**

**NOW INTO COURT** through undersigned counsel comes defendant Sgt. Latrakas Price[1] who moves for an extension of time to file responsive pleadings as follows:

**1.**

Undersigned defense counsel did not receive the assignment of this case until November 3, 2003.

**2.**

The petition's allegations require investigation including interview of potential witnesses before responsive pleadings can be prepared.

**3.**

The Louisiana Department of Justice will commence on November 10, 2003 to move into a new building, a process that will disable undersigned's ability to prepare pleadings for at least one week.

**4.**

The requisite investigation cannot be conducted in time to prepare pleadings before the move.

**5.**

Defendant desires and therefore moves for an extension of thirty (30) days within which to conduct the investigation and prepare responsive pleadings.

---

[1] The petition names Captain Eddie Veal as a defendant also. This person is no longer employed by the Louisiana Department of Public Safety and Corrections, and defense counsel has been provided information indicating only defendant Price was served with the petition and citation. Consequently no appearance is being made for defendant Veal until such time as he may be served.

**WHEREFORE**, defendant moves for an extension of thirty (30) within which to file responsive pleadings.

Respectfully submitted,

**RICHARD P. IEYOUB**
**ATTORNEY GENERAL**

BY: [signature]
**ROBERT S. LEAKE**
ASSISTANT ATTORNEY GENERAL
BAR ROLL #08182

LOUISIANA DEPARTMENT OF JUSTICE
LITIGATION DIVISION
P.O. BOX 91279
BATON ROUGE, LA 70821
TELEPHONE: (225) 342-1348
FAX: (225) 342-4952

CERTIFIED
TRUE COPY

NOV 1 0 2003

[signature]
Dy. Clerk of Court

**CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing has been served upon counsel for all represented parties and has been served upon all pro se parties to this proceeding by mailing the same to each by first class United States mail, properly addressed and postage prepaid on this 4th day of November, 2003.

[signature]
**ROBERT S. LEAKE**

**Michael Harris**
**DOC# 101823**
**Louisiana State Penitentiary**
**Angola, LA 70712**

RICHARD P. IEYOUB
ATTORNEY GENERAL

State of Louisiana
DEPARTMENT OF JUSTICE
LITIGATION DIVISION
Baton Rouge
70821-1279

P.O. Box 91279
TEL: (225) 342-8495
FAX: (225) 342-8526

December 10, 2003

The Honorable Mary N. Marchive
Clerk of Court
West Feliciana Parish
P.O. Box 1843
St. Francisville, LA 70775

***Re: Michael Harris v. Captain Eddie Veal, et al***
***20th JDC, No. 18182, ORM# 03G/0708HARRI***

Dear Ms. Marchive

I transmit the original and two copies of Defendants' **ANSWER WITH JURY DEMAND**. Please file the original and submit it to the Court for consideration. Please return one copy to me stamped with the date the original is filed.

Thank you for your assistance in this matter.

Sincerely,

**RICHARD P. IEYOUB**
**ATTORNEY GENERAL**

**BY:** [signature]
**ROBERT S. LEAKE**
ASSISTANT ATTORNEY GENERAL

RSL:vji

Sned MR 5-22-03 Pned

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## INMATE WITHDRAWAL REQUEST

I/B-6

[illegible] Inmate Club.

| DOC NUMBER | NAME (LAST NAME, FIRST NAME, INITIAL) |
|---|---|
| 101823 | HARRIS Michal A |

| LIVING QUARTERS | DATE OF REQUEST MO. | DAY | YEAR | OFFICE USE ONLY |
|---|---|---|---|---|
| Pine #2 | 5 | 26 | 03 | |

WRITTEN AMOUNT ______ DOLLARS

TOTAL AMOUNT $ 1.75

74 ☑ Inmate Withdrawal - See Dept. Reg. 40-18 Legal Mail
Purpose: filing of Suit, four Copies, form of Pauper, A.R.P. response, Letter to clerk of court, four copie of exhibits A. & B. 1 manilla envelope

74 ☐ U.S. Savings Bond

82 ☐ Miscellaneous
Explanation: ______

**YOU MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL**

PAY TO THE ORDER OF:

| VENDOR NO. | | SAVINGS ACCT. NO. |
|---|---|---|
| | | |

NAME: General Fund

ADDRESS: L.S.P

| CITY | STATE | ZIP |
|---|---|---|
| Angola | LA | 70712 |

☐ REQUEST DENIED. REASON: ______

INMATE SIGNATURE: Michael Harris

| Code | SAVINGS ACCOUNT |
|---|---|
| 94 ☐ | U.S. Savings Bond |
| 79 ☐ | Court Cost |
| 82 ☐ | Education |

Check Number ______ Date ______

NOTE: Print name and address of payee in box at right. Attach necessary documents including a stamped self-addressed envelope for all outside mail.

RIGHT THUMB PRINT

VERIFIED BY:
TITLE:

APPROVED BY: M. Lawrence CCOI
TITLE:

I/B-6

Ind
MR 7-8-03

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**INMATE WITHDRAWAL REQUEST**

| DOC NUMBER | NAME (LAST NAME, FIRST NAME, INITIAL) |
|---|---|
| 110523 | Howell Michael A. |

| LIVING QUARTERS | DATE OF REQUEST MO. | DAY | YEAR | OFFICE USE ONLY |
|---|---|---|---|---|
| Pine #2 | 7 | 3 | 03 | |

_____________ DOLLARS — WRITTEN AMOUNT

TOTAL AMOUNT $ 2 | 67

**YOU MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL**

**PAY TO THE ORDER OF:**

VENDOR NO. | SAVINGS ACCT. NO.

NAME: General Funds

ADDRESS: L.S.P.

CITY: Angola | STATE: LA | ZIP: 70712

☐ REQUEST DENIED. REASON: __________

INMATE SIGNATURE: x Michael Howell

RIGHT THUMB PRINT

VERIFIED BY: [signature]
TITLE: CCO-II

APPROVED BY: [signature]
TITLE: CCR

| Code | **DRAWING ACCOUNT** |
|---|---|
| 73 ☐ | Send Money to Inmate Club. |
| 74 ☑ | Inmate Withdrawal - See Dept. Reg. 40-18<br>Purpose: [illegible] |
| 74 ☐ | U.S. Savings Bond |
| 82 ☐ | Miscellaneous<br>Explanation: __________ |

| Code | **SAVINGS ACCOUNT** |
|---|---|
| 94 ☐ | U.S. Savings Bond |
| 79 ☐ | Court Cost |
| 82 ☐ | Education |

Check Number __________ Date __________

NOTE: Print name and address of payee in box at right. Attach necessary documents including a stamped self-addressed envelope for all outside mail.

I/B-6

Snd MR 7-28-03

**DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS**
**CORRECTIONS SERVICES**
**INMATE WITHDRAWAL REQUEST**

| DOC NUMBER | NAME (LAST NAME, FIRST NAME, INITIAL) |
|---|---|
| 101823 | Harris Michal |

| LIVING QUARTERS | DATE OF REQUEST MO. | DAY | YEAR | OFFICE USE ONLY |
|---|---|---|---|---|
| Pine #2 | 07 | 25 | 03 | |

WRITTEN AMOUNT ______ DOLLARS

TOTAL AMOUNT $ 2.90

| Code | DRAWING ACCOUNT |
|---|---|
| 73 ☐ | Send Money to Inmate Club. |
| 74 ☑ | Inmate Withdrawal - See Dept. Reg. 40-18 Purpose: Suit, Cautions, Exhibits, form of Pauperis, 4 copies of each said all are inclosed to the 20th Judicial District Court. |
| 74 ☐ | U.S. Savings Bond |
| 82 ☐ | Miscellaneous Explanation: |

| Code | SAVINGS ACCOUNT |
|---|---|
| 94 ☐ | U.S. Savings Bond |
| 79 ☐ | Court Cost |
| 82 ☐ | Education |

Check Number ______ Date ______

**NOTE:** Print name and address of payee in box at right. Attach necessary documents including a stamped self-addressed envelope for all outside mail.

YOU MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL

PAY TO THE ORDER OF:

| VENDOR NO. | | SAVINGS ACCT. NO. |
|---|---|---|
| NAME | General Funds | |
| ADDRESS | L.S.P | |
| CITY Angola. | STATE La. | ZIP 70712 |

☐ REQUEST DENIED. REASON:

INMATE SIGNATURE michael Harris

RIGHT THUMB PRINT

VERIFIED BY:

TITLE:

APPROVED BY: [illegible signature]

TITLE:

I/B-6

(4)

Ind
MK 9-9-03

# DEPARTMENT OF PUBLIC SAFETY AND CORRECTIONS
## CORRECTIONS SERVICES
## INMATE WITHDRAWAL REQUEST

| DOC NUMBER | NAME (LAST NAME, FIRST NAME, INITIAL) |
|---|---|
| 101823 | Harvis Michael |

| LIVING QUARTERS | DATE OF REQUEST MO. | DAY | YEAR | OFFICE USE ONLY |
|---|---|---|---|---|
| Pine #2 | 9 | 8 | 03 | |

_______________ DOLLARS
WRITTEN AMOUNT

TOTAL AMOUNT
$ 2.12

**Code** **DRAWING ACCOUNT**

73 ☐ Send Money to Inmate Club.

74 ☑ Inmate Withdrawal - See Dept. Reg. 40-18
Purpose: Local Mail
2 manilla envelopes

74 ☐ U.S. Savings Bond

82 ☐ Miscellaneous
Explanation: _______________

YOU MUST ATTACH A STAMPED, ADDRESSED ENVELOPE FOR ALL OUTSIDE MAIL

PAY TO THE ORDER OF:

VENDOR NO. | SAVINGS ACCT. NO.

NAME General Funds

ADDRESS

CITY LSP | STATE LA. | ZIP 70712

☐ REQUEST DENIED. REASON: _______________

INMATE SIGNATURE

**Code** **SAVINGS ACCOUNT**

94 ☐ U.S. Savings Bond

79 ☐ Court Cost

82 ☐ Education

Check Number _______________ Date _______________

RIGHT THUMB PRINT

VERIFIED BY:
TITLE:

APPROVED BY: N. Lawrence CCOI
TITLE:

NOTE: Print name and address of payee in box at right. Attach necessary documents including a stamped self-addressed envelope for all outside mail.

MENTAL HEALTH CALLOUT
FOR: J. Carter

Date: Monday, August 18, 2003
Time: 8:30 am - 9:45 am
Location: A Building

| | | |
|---|---|---|
| 338517 | David Perry | Cyp 1 |
| 256097 | Lester Gomez | Cyp 3 |
| 110833 | Richard Coleman | Cyp 4 |
| 368122 | Joe Whitehead | Cyp 4 |
| 107068 | Lloyd Myers | Spr 3 |
| 431959 | Gary Jamerson | Spr 2 |
| 361636 | Roy Street | Spr 1 |
| 365790 | John Deffenbaugh | Mag 3 |
| 100436 | Earl Lowe | Mag 1 |
| 107134 | Rickey McBroom | Mag 3 |
| 107661 | Donnie Daley | Mag 3 |
| 128363 | Milton Billiot | Mag 1 |
| 95421 | Henry Taylor | Mag 3 |
| 400507 | John Burkett | Mag 4 |
| 121926 | Clarence Frederick | Mag 3 |
| 107939 | Clinton Gonzales | Ash 1 |
| 95262 | Darrell Miles | Ash 1 |
| 75169 | Freddie Ross | Ash 4 |
| 78559 | Melvin Mason | Oak 3 |
| 322042 | Wayne Deroche | Oak 1 |
| 121497 | Daryl Howard | Oak 4 |
| 432942 | Willis Lucas | Oak 2 |
| 112617 | Donald Cousan | Oak 4 |
| 454877 | Cary Irving | Oak 1 |
| 432870 | Latroy Oates | Pine 3 |
| 79383 | Aaron Thomas | Pine 1 |
| 106229 | Vincent Johnson | Pine 1 |
| 86710 | Martin Stalling | Pine 1 |

**MARY NELL MARCHIVE**
CLERK OF COURT
PARISH OF WEST FELICIANA
P.O. BOX 1843
ST. FRANCISVILLE, LA 70775

June 19, 2003

Michael Harris, #101823
Pine Unit - 3
Louisiana State Penitentiary
Angola, Louisiana 70712

RE: Michael A. Harris
Versus
Captain Eddie Veal, et al

Your pleadings in the above captioned matter have been received in this office.

The cost of filing these proceedings in the 20th Judicial District is **$304.00**. If you are unable to pay, you must submit the standardized Motion and Order to Proceed In Forma Pauperis that is attached to this correspondence. You must include your name and DOC number on all pleadings. Do not alter the forms in any manner.

Your pleadings will be filed when costs are paid or you submit the Motion and Order to Proceed In Forma Pauperis.

**Mary Nell Marchive**
**Clerk of Court**

By: Lee A. Basco
Deputy Clerk of Court

**MARY NELL MARCHIVE**
CLERK OF COURT
PARISH OF WEST FELICIANA
P.O. BOX 1843
**ST. FRANCISVILLE, LA 70775**

July 7, 2003

Michael A. Harris, #108123
Louisiana State Penitentiary
Angola, Louisiana 70712

RE: Michael A. Harris
Versus
Captain Eddie Veal, et al

Your pleadings in the above captioned matter have been received in this office.

The cost of filing these proceedings in the 20th Judicial District is **$219.00**. If you are unable to pay, you must submit the standardized Motion and Order to Proceed In Forma Pauperis that is attached to this correspondence.

You must completely fill out the In Forma Pauperis Application. All requested information must be submitted or your application and pleadings will be returned.

You must include your name and DOC number on all pleadings. Do not alter the forms in any manner.

You must provide the complete names and service addresses of all defendants in your pleadings.

Your pleadings will be filed when costs are paid or you submit the Motion and Order to Proceed In Forma Pauperis.

**Mary Nell Marchive**
**Clerk of Court**

By: Lea A. Barco
Deputy Clerk of Court

**MARY NELL MARCHIVE**
CLERK OF COURT
PARISH OF WEST FELICIANA
P.O. BOX 1843
**ST. FRANCISVILLE, LA 70775**

July 14, 2003

Michael Harris, #101823
Louisiana State Penitentiary
Angola, Louisiana 70712

RE: Michael Harris
Versus
Captain Eddie Veal, et al

Your pleadings in the above captioned matter have been received in this office and are being returned to you.

The cost of filing these proceedings in the 20th Judicial District is **$213.00**. If you are unable to pay, you must submit the standardized Motion and Order to Proceed In Forma Pauperis that is attached to this correspondence.

You must completely fill out the In Forma Pauperis Application. All requested information must be submitted or your application and pleadings will be returned.

You must include your name and DOC number on all pleadings. Do not alter the forms in any manner.

You must provide the complete names and service addresses of all defendants in your pleadings.

Your pleadings will be filed when costs are paid or you submit the Motion and Order to Proceed In Forma Pauperis.

**Mary Nell Marchive**
**Clerk of Court**

By: Leela Basco
Deputy Clerk of Court

**MARY NELL MARCHIVE**
CLERK OF COURT
PARISH OF WEST FELICIANA
P.O. BOX 1843
ST. FRANCISVILLE, LA 70775

August 28, 2003

Michael Harris, #101823
Louisiana State Penitentiary
Angola, LA 71106

RE: Michael Harris, #101823
Versus
Captain Eddie Veal, Sergeant
Latraskas Price

I am in receipt of DOC Check No. 0858737 in the amount of $213.00; the initial filing fee in the above captioned.

Your pleadings are being processed and you will be forwarded a copy of the service information when service is effected.

**Mary Nell Marchive**
**Clerk of Court**

By: Lee A. Basco
Deputy Clerk of Court

TO: CLERK OF COURT
20th JUDICIAL COURT
FROM: MICHEAL HARRIS #101823
TIME: 5:34 am
DATE: 4/27/03

Dear Clerk Of Court,

I am the above name in number inmate, i'am requesting the price for fileing a suite with this court. I will pay the full cost for the fileing of this suite. This suite will come in to this court under TORT 2315. I am able topay the cost of fileing this suite so there is know need for me tocome into this court under farm of paupis. I ask that i receive this information as soon as posible so i could have the prison forward this court a chesk.

THANK YOU FOR YOUR HELP IN THIS MATTER.
YOURS TRULY
MICHEAL HARRIS C/F CC/FPP M/H

This office is not able to quote filing fees without knowing what type of pleadings are being filed. The cost is determined by type of pleadings, number of defendants, location of service, etc. This office will also assign a suit number in the 20th Judicial District.

June 3, 2003

Mary Neil Marchive
Clerk of Court
4789 Prosperity Street
P.O. Box 1843
St. Francisville, La. 70775-1843

Michael Harris
DOC #101823, Pine Hall #2
La. State Penitentiary
Angola, La 70712

Re: Suite - Michael Harris **v.** Captain, Eddie Veal, Sergeant, Latrakas Price, Civil Case No: __________.

Dear Clerk,

Enclosed, please find the original copies of suits mailed to the defendants who are employees of this institution, by way of mailing said copies to the Administration Legal Programs Department of this institution for service of process.

The administration failed to serve said defendants and returned the suite applications to the plaintiff. Because the plaintiff is incarcerated and does not have the addressing of the defendants, he has no way of serving the defendants other than through the Administration where they are employed. The plaintiff respectfully requests this office to serve the defendants the attached applications at the Louisiana State Penitentiary, at Angola, Louisiana.

I would also ask that you to notify me of the filing date and case number.

Thank you for your time, and prompt attention to this matter. I remain

Respectfully,

Michael Harris
Michael Harris

INMATE'S REQUEST FOR LEGAL/INDIGENT MAIL

NAME: Micheal Harris

NUMBER: 101623

LOCATION: Pine #2

BALANCE IN YOUR DRAWING ACCOUNT: $ ________

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH PIECE TO BE MAILED:

Clerk of Court
name

P.O. Box 1913 Parish of West Felicia
address

St Francisville, LA 70775
city, state, zip code

________
name

________
address

________
city, state, zip code

________
name

________
address

________
city, state, zip code

ANY DELIBERATE MISREPRESENTATION WILL RESULT IN YOUR MAIL BEING RETURNED

x Michael Harris
inmate's signature and number

[illegible] 7/2/03
classification officer date

INMATE'S REQUEST FOR LEGAL/INDIGENT MAIL

NAME: Michcal Harris

NUMBER: 101823

LOCATION: Pine #2

BALANCE IN YOUR DRAWING ACCOUNT: $ ________

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH
PIECE TO BE MAILED: 1, Form of Pauperis 2, suit 3. Exhibits,

Clerk of Court
name
Parish of West Feliciana P.O. Box 1843
address
St. Francisville LA 70775
city, state, zip code

~~name~~
~~address~~
~~city, state, zip code~~

~~name~~
~~address~~
~~city, state, zip code~~

ANY DELIBERATE MISREPRESENTATION WILL RESULT
IN YOUR MAIL BEING RETURNED

Michal Harris #101823
inmate's signature and number

[signature] CCO 9/25/03
classification officer date

INMATE'S REQUEST FOR LEGAL/INDIGENT MAIL

NAME: Micheal Harris

NUMBER: 101823

LOCATION: Pine #2

BALANCE IN YOUR DRAWING ACCOUNT: $

LIST EACH ITEM TO BE MAILED
GIVE THE NAME AND COMPLETE ADDRESS OF EACH
PIECE TO BE MAILED:

Clerk of Court 20th Judicial Dist Court
name
P.O. Box 1843 St. Francisville La.
address
Parish of west Felicians La. 70775
city, state, zip code

name
address
city, state, zip code

name
address
city, state, zip code

ANY DELIBERATE MISREPRESENTATION WILL RESULT
IN YOUR MAIL BEING RETURNED

inmate's signature and number

Michael Harris 101823
classification officer date

Melissa Lawrence CCOI 5/31/08

CODE 4-118

LOUISIANA STATE PENITENTIARY
CLASSIFICATION DEPARTMENT

Michael Harris
INMATE'S NAME

101823
LSP NUMBER

Pine 2
LOCATION

NATURE OF REQUEST: Court Money
DETAILS:

DISPOSITION:
The money for the court was taken out on 8/20/03 and sent to the Clerk of court.

8/23/03
DATE

[signature]
CLASSIFICATION OFFICER